UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS KERRIGAN, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> THE ATTORNEY GENERAL OF THE : <br> STATE OF NEW JERSEY, : <br> : <br> Respondent. : <br> : | Civil No. 18-11581 (FLW) <br><br> **MEMORANDUM OPINION** |

**FREDA L. WOLFSON, U.S.D.J.**

Petitioner, Dennis Kerrigan ("Kerrigan" or "Petitioner"), acting *pro se*, filed a petition for writ of habeas corpus under U.S.C. § 2254, which complains of the State's conduct during his criminal trial and alleges that he received ineffective assistance of counsel. (*See* Pet., ECF No. 1.) Kerrigan has, at all relevant times, listed a residential address in Lawrenceville, New Jersey, and he has included no allegations of presently being in custody. (*See, e.g.*, Cover Letter, ECF No. 1-2.)

Kerrigan's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 4. Under § 2254, a habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking. 28 U.S.C. § 2254; *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Here, the facts alleged by Kerrigan seem to show that he was not in custody when he filed the Petition. (*See* ECF No. 1.) Furthermore, Kerrigan has recently filed a letter stating that he "mistaking [sic] filed for a Writ of Habeas Corpus as a non lawyer I didn't realize what I was doing." (Letter (Nov. 30, 2018), ECF No. 3.) In that letter, he further complains about his interactions with Lawrence Township police. Consequently, the Petition must be dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases, as Petitioner does not meet the custody requirement. To the extent that Kerrigan seeks to assert claims for violations of his constitutional rights by the police or other governmental entities, he may be able to do so by commencing a separate, properly filed civil rights action. Accordingly, the Petition is dismissed without prejudice, as it plainly appears that Petitioner is not entitled to relief.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

An appropriate Order follows.

DATED: December 7, 2018                                    /s/ Freda L. Wolfson
                                                           FREDA L. WOLFSON
                                                           United States District Judge