**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENNIS KERRIGAN, : | |
| : | Civil No. 18-11581 (FLW) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| THE ATTORNEY GENERAL OF THE : | |
| STATE OF NEW JERSEY, : | |
| : | |
| Respondent. : | |

**<u>FREDA L. WOLFSON, U.S.D.J.</u>**

Petitioner, Dennis Kerrigan ("Kerrigan" or "Petitioner"), acting *pro se*, commenced this proceeding by filing a petition for writ of habeas corpus under U.S.C. § 2254, which complained of the State's conduct during his criminal trial and alleged that he received ineffective assistance of counsel. (*See* Pet., ECF No. 1.) On December 7, 2018, the Court dismissed Kerrigan's Petition upon screening under Rule 4 of the Rules Governing § 2254 Cases because Kerrigan was not in custody when he filed his Petition.[1] (ECF Nos. 5 & 6.)

Kerrigan subsequently filed a letter with the Court requesting the appointment of counsel to represent him. (ECF No. 7.) Kerrigan acknowledges that he lacks grounds to assert a habeas claim, but now states that he would like to file a Complaint asserting violations of his civil rights. (*See id.*) He asks the Court to appoint him counsel to aid him in doing so.

Kerrigan's request implicates two separate provisions regarding appointment of counsel. In a habeas proceeding, like this one, in which Kerrigan filed his request, appointment of counsel

---

[1] As explained in that Memorandum Opinion, a § 2254 habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking. 28 U.S.C. § 2254; *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003).

is provided for under 18 U.S.C. § 3006A.  Meanwhile, in a civil action, such as a civil rights action, which Kerrigan asserts he would like to commence, appointment of *pro bono* counsel is governed by 28 U.S.C. § 1915(e)(1) and related caselaw.  Neither of these provisions support appointing Kerrigan counsel at this time, however, as he presently has no pending, potentially meritorious claim.

Under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court."  *Reese*, 946 F.2d at 263.  Kerrigan is not eligible for appointment of counsel under § 3006A because he has not presented a nonfrivolous claim.  Indeed, the Court dismissed Kerrigan's § 2254 habeas Petition because he did not satisfy the central prerequisite for filing such a Petition—being in custody under the conviction he was challenging.  (*See* ECF No. 5.)

Under 28 U.S.C. § 1915(e)(1), the Court may request *pro bono* counsel to represent a party in a civil action, but must first assesses the factors identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147.  The first factor, which is also a threshold determination that must be established before considering any other factors, is the potential merit of the party's claim. *See Tabron*, 6 F.3d at 155, 158; *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009); *Protameen Chems., Inc. v. Chinchilla*, No. 05-3383, 2007 WL 174163, at *1 (D.N.J. Jan. 22, 2007).  Kerrigan cannot meet the threshold requirement of a potentially meritorious claim, as he currently has no active

civil claim before the Court. While Kerrigan has explained that he would like to file a civil rights Complaint, he has yet to do so.

If Kerrigan intends to assert a claim for civil rights violations, he must do so in a new Complaint filed with the Court on a new docket. If necessary, Kerrigan may move for *pro bono* counsel in that new matter. In the interests of justice, the Court will direct the Clerk's Office to send Kerrigan a form Complaint for Violation of Civil Rights (Non-Prisoner), Form Pro Se 15 (Rev. 12/16).

Therefore, IT IS, on this 28th day of March 2019,

ORDERED that this proceeding is REOPENED for the sole purpose of considering Plaintiff's application for appointment of counsel; and it is further

ORDERED that Plaintiff's application for the appointment of counsel (ECF No. 7) is DENIED; and it is further

ORDERED that the Clerk shall again mark this case as CLOSED; and it is further

ORDERED that the Clerk shall serve upon Plaintiff by regular U.S. mail (1) this Memorandum and Order and (2) a copy of Form Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner).

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge